IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39087

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 623 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 6, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER EDWARD BLAIR, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order denying I.C.R. 35 motion, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Christopher Edward Blair appeals from the district court's denial of his motion to correct an illegal sentence, Idaho Criminal Rule 35. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Blair pled guilty to vehicular manslaughter under Idaho Code § 18-4006(3)(a) and (b), and the district court imposed a unified sentence of fifteen years with eight years determinate. The maximum penalty for violating I.C. § 18-4007(3)(a) is ten years, and the penalty for violating I.C. § 18-4007(3)(b) is fifteen years. Determining that a clerical error existed, the district court amended the judgment of conviction by deleting the reference to I.C. § 18-4006(3)(a) and retaining the reference to I.C. § 18-4006(3)(b).

Eight months after the amended judgment was entered, Blair moved to correct an illegal sentence, alleging the amendment substantially changed his guilty plea and violated due process.

The district court denied Blair's motion and determined that Blair was convicted of violating subpart (b), and therefore his sentence of fifteen years was in accordance with the applicable maximum penalty. Blair timely appeals.

## II.

## ANALYSIS

Blair contends that his sentence is illegal from the face of the record. Idaho Criminal Rule 35 is a narrow rule that allows a trial court to correct an illegal sentence at any time, or to correct a sentence imposed in an illegal manner by motion made within 120 days of the entry of the judgment of conviction. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Whether a sentence is illegal or whether it was imposed in an illegal manner is a question of law over which we exercise free review. *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009). "[T]he interpretation of 'illegal sentence' under Rule 35 is limited to sentences that are illegal from the face of the record, i.e., those sentences that do not involve significant questions of fact nor an evidentiary hearing to determine their illegality." *Id.* at 87, 218 P.3d at 1148; *State v. Peterson*, 148 Idaho 610, 613, 226 P.3d 552, 555 (Ct. App. 2010).

Blair contends the district court lacked jurisdiction to delete the reference to I.C. § 18-4006(3)(a). He further asserts that any imposition of a fifteen-year sentence under I.C. § 18-4006(3)(a) was a judicial, not clerical, error and, therefore, the district court was required to correct the illegal sentence by resentencing Blair in a proceeding in which Blair was entitled to be present. The State contends that since Blair was charged with and pled guilty to violating subpart (b), his sentence was legally imposed in accordance with the fifteen-year maximum penalty applicable to subpart (b). The State further contends that if any illegality exists, the illegality is in the imposition of the sentence, and such a claim was required to be brought within 120 days of the judgment of conviction, I.C.R. 35(b).

Blair admits that the information charged him with violating both subpart (a) and subpart (b), that the plea agreement provided that he plead guilty to both subparts (a) and (b), and that he was sentenced accordingly. Further, Blair acknowledged at the sentencing hearing that the maximum penalty for vehicular manslaughter was fifteen years, which is consistent with the penalty applicable to subpart (b). At the sentencing hearing, the district court confirmed that Blair's guilty plea and penalty arose under subpart (b). Therefore, the district court's sentence of fifteen years is within the applicable fifteen-year maximum penalty arising under subpart (b) and

2

is legal on its face. Reference in the judgment to subpart (a), or lack of reference in the judgment to subpart (a), does not change the fact of a legal sentence under subpart (b), of which there is no contest.[1]

Blair contends that the deletion of the reference to subpart (a) effectively constituted a new sentencing--at which Blair had a right to be present--and, therefore, the remedy requested is a new sentencing. Blair does not claim that at such new sentencing he could not be sentenced to fifteen years because of the existence of the conviction under subpart (b). As the State contends, even assuming the merits of Blair's claim that the deletion of reference to subpart (a) was a new sentencing outside his presence, that claim amounts to no more than a claim that sentence was imposed in an illegal manner. However, a motion challenging a sentence imposed in an illegal manner must be filed within 120 days of the judgment and conviction. Blair failed to file within the applicable 120 days; therefore, he cannot seek a remedy for an alleged sentence imposed in an illegal manner.

## III.

## CONCLUSION

The district court properly denied Blair's motion to correct an illegal sentence. Accordingly, the district court's order denying Blair's motion to correct an illegal sentence is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[1] The district court amended the judgment and conviction sua sponte pursuant to I.C.R. 36. Rule 36 allows the court to correct clerical mistakes in judgments. Blair contends that the court's removal of the citation to I.C. § 18-4006(3)(a) was not a clerical mistake but rather a judicial mistake, and therefore the court lacked jurisdiction to amend the judgment without Blair's presence. As discussed, we determine that the amendment did not change the legality of Blair's sentence. The sentence was legal whether imposed in reference to subparts (a) and (b) or whether in reference to only subpart (b). Therefore, we need not determine whether the amendment was proper under Rule 36 as a clerical mistake.