**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39704**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2013 Opinion No. 19** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: March 28, 2013** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| DANA LYDELL SMITH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County.  Hon. Michael R. Crabtree, District Judge.

Order denying motion for new trial, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Following a jury trial, Smith was convicted of grand theft and sentenced to a unified term of fourteen years with seven years determinate.  This Court affirmed Smith's conviction in an unpublished decision.  *State v. Smith*, Docket Nos. 35216, 35604 (Ct. App. May, 20, 2009) (unpublished).  On January 19, 2012, Smith filed a pro se motion for a new trial on the basis of newly discovered evidence.[1]  The district court denied the motion on the grounds that the motion "is untimely, and the court is without jurisdiction to consider it."  Smith appeals, contending that the trial court should have extended the time limit for the filing of Smith's motion.

On a defendant's motion in a criminal case, the trial court may grant a new trial in the interest of justice.  Idaho Criminal Rule 34.  Idaho Code section 19-2406 specifies seven

---

[1]     Smith's motion was based on an assertion that he was mentally incompetent when he was tried for grand theft and that the district court had erred in failing to sua sponte order a competency evaluation.

1

permissible grounds for a new trial, including a demonstration that there exists new evidence material to the defense that could not have been produced at the trial with reasonable diligence. I.C. § 19-2406(7). Section 19-2407 provides that the "application for a new trial may be made before or after judgment; and must be made within the time provided by the Idaho criminal rules unless the court or judge extends the time." The time provided by the criminal rules varies depending on the grounds for the motion. Rule 34 provides:

> A motion for a new trial based upon the ground of newly discovered evidence may be made only before or within two (2) years after final judgment. A motion for a new trial based on any other ground may be made at any time within fourteen (14) days after verdict, finding of guilt or imposition of sentence, or within such further time as the court may fix during the fourteen (14) day period.

A judgment becomes final at the expiration of time for appeal or affirmance of the judgment on appeal. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003); *State v. Peterson*, 148 Idaho 610, 614, 226 P.3d 552, 556 (Ct. App. 2010).

Smith's motion was based on the ground of newly discovered evidence and thus was subject to the two-year limitation. This Court affirmed Smith's judgment of conviction on May 20, 2009, and a remittitur was filed on June 17, 2009. Smith's motion was filed on January 19, 2012, more than two years after final judgment. Although mindful of the two-year limitation prescribed by Rule 34, Smith asserts that the language of Idaho Code section 19-2407--that a motion must be filed within the time provided by the rules "unless the court or judge extends the time"--permits a court to extend the two-year period.

Idaho Criminal Rule 45 provides that a district court may enlarge the time within which an act is required or allowed in certain circumstances. However, Rule 45(b)(3) provides that "the court may not extend the time for taking any action under [Rule 34] . . . except to the extent and under the condition stated therein." Rule 34 provides that a court may enlarge the fourteen-day period within which to file a motion for a new trial based on any ground other than newly discovered evidence during the fourteen-day period, but it does not authorize any extension of the two-year limitation on motions for a new trial based on newly discovered evidence. Thus, by terms of Rules 34 and 45, the time within which to file a motion for a new trial on the ground of newly discovered evidence may not be enlarged.[2] *Cf. State v. Hoffman*, 114 Idaho 139, 140, 754

---

[2]       In *State v. Parrott*, 138 Idaho 40, 42, 57 P.3d 509, 511 (Ct. App. 2002), this Court stated:

P.2d 452, 453 (Ct. App. 1988) (holding I.C.R. 35 does not provide for enlargement of time to file motion within 120 days and thus, time to file motion may not be enlarged under Rule 45(b)(3)). The section 19-2407 contemplation of a possible extension of time by the court has no application in this case because the Idaho Criminal Rules do not permit a court to authorize such an extension.

Even if I.C. § 19-2407 were deemed to be in conflict with I.C.R. 34 and 45, the provision of the rules would prevail. The Idaho Supreme Court has long held that where there exists a conflict between statutory provisions and the Idaho Criminal Rules in matters of procedure, the rules will prevail. *State v. Currington*, 108 Idaho 539, 541, 700 P.2d 942, 944 (1985); *State v. Two Jinn, Inc.*, 148 Idaho 706, 709, 228 P.3d 387, 390 (Ct. App. 2010).

Smith's motion for a new trial on the ground of newly discovered evidence was untimely, and the district court was precluded from enlarging the two-year limitation to file the motion.[3] Accordingly, the order denying Smith's motion for a new trial is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

---

> The time for filing a motion for a new trial based upon newly discovered evidence may not be extended *unless an application for extension of time to file the motion is made within the statutory time limit. If such application is not made within the statutory time limit, the district court has no jurisdiction to consider a motion for a new trial filed outside the specified time period.*

(emphasis added). *Parrott* misstates the law to the extent that it indicates that the time for filing a motion for a new trial based on newly discovered evidence may be enlarged if application is made within the statutory limit.

[3] Notably, Smith does not contend that his motion for a new trial was based upon evidence that was not discovered until after the two-year period had expired, or that he was prevented from timely filing his motion by action of the State, or that the time limit of I.C.R. 34 is unconstitutional in its application to his case.