**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40947**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 353 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 7, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANA LYDELL SMITH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order denying motion for a new trial and denying motion for appointment of counsel, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dana Lydell Smith appeals from the district court's order denying his motion for a new trial. Specifically, Smith challenges the district court's denial of his request for appointment of counsel. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Smith was convicted by a jury of grand theft and the district court imposed a unified term of fourteen years with seven years determinate. Smith's conviction and sentence were affirmed by this Court in *State v. Smith*, Docket No. 35216 (Ct. App. May 20, 2009) (unpublished). The remittitur was issued on June 17, 2009.

1

Thereafter, Smith filed several motions for a new trial, all of which the district court denied. He also filed a motion for a *Faretta*[1] hearing and a motion to alter or amend judgment. The district court denied the motions and this Court affirmed in *State v. Smith*, Docket No. 38197 (Ct. App. Nov. 21, 2011) (unpublished).

On January 19, 2012, Smith filed his sixth motion for a new trial claiming he was mentally incompetent during his trial and the district court erred in failing to sua sponte order a competency evaluation. The district court denied the motion on the grounds it was untimely and the court had no jurisdiction to consider it. This Court affirmed the district court's order denying Smith's motion for a new trial in *State v. Smith*, 154 Idaho 581, 300 P.3d 1069 (Ct. App. 2013).

On March 11, 2013, while Smith's appeal was pending, Smith filed his seventh motion for a new trial alleging error based on the district court's failure to sua sponte order a psychiatric examination. Smith also filed a motion for appointment of counsel. The district court concluded that it lacked jurisdiction to hear Smith's motion for a new trial and therefore, Smith's motion was frivolous. Thus, the court denied Smith's motion for appointment of counsel and denied his motion for a new trial. Thereafter, Smith filed a response to the court's order claiming that Idaho Criminal Rule 34, which established the time limit to file a motion for a new trial, was unconstitutional and should not be applied in his case. Specifically, Smith claimed that he was tried and convicted without a competency hearing in violation of Idaho Code § 18-210; therefore, it would be unconstitutional to enforce the Rule 34 time limits when he was wrongly convicted. Additionally, he claimed that Rule 34 was unconstitutional because it had "no procedural mechanism to address a clearly invalid conviction." The district court issued another order denying Smith's motion for appointment of counsel and motion for a new trial on the basis that it lacked jurisdiction to hear the motions. Smith timely appeals.

## II.

## ANALYSIS

Smith claims that the district court abused its discretion by denying his request for appointment of counsel. A criminal defendant is entitled to counsel at all stages of a criminal case unless a court determines the proceeding is not one that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

proceeding.  I.C. § 19-852(b)(3).  *See also State v. Wade*, 125 Idaho 522, 523-24, 873 P.2d 167, 168-69 (Ct. App. 1994).  The decision to appoint counsel in a post-judgment proceeding lies within the discretion of the district court.  I.C. § 19-852(b)(3).  Thus, on appeal, we apply an abuse of discretion standard.  *See Cowger v. State*, 132 Idaho 681, 683-84, 978 P.2d 241, 243-44 (Ct. App. 1999).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).  Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review.  *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993).

On a defendant's motion in a criminal case, the trial court may grant a new trial in the interest of justice.  I.C.R. 34.  Idaho Code § 19-2406 specifies seven permissible grounds for a new trial, including a demonstration that there exists new evidence material to the defense that could not have been produced at the trial with reasonable diligence.  I.C. § 19-2406(7).  Pursuant to I.C. § 19-2407, the "application for a new trial may be made before or after judgment; and must be made within the time provided by the Idaho criminal rules unless the court or judge extends the time."  The time provided by the criminal rules varies depending on the grounds for the motion.  Rule 34 provides:

> A motion for a new trial based upon the ground of newly discovered evidence may be made only before or within two (2) years after final judgment.  A motion for a new trial based on any other ground may be made at any time within fourteen (14) days after verdict, finding of guilt or imposition of sentence, or within such further time as the court may fix during the fourteen (14) day period.

A judgment becomes final at the expiration of time for appeal or affirmance of the judgment on appeal.  *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003); *State v. Peterson*, 148 Idaho 610, 614, 226 P.3d 552, 556 (Ct. App. 2010).  Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal.  *Jakoski*, 139 Idaho at 355, 79 P.3d at 714.

3

On appeal, Smith claims that the district court abused its discretion by denying his motion for appointment of counsel because he raised a non-frivolous claim regarding the constitutionality of Rule 34. He contends that he could demonstrate that his mental competency prevented him from timely filing his motion, therefore the strict application of the Rule 34 time limits were violative of his due process rights. He alleges that without counsel, he was unable to develop the record needed to establish his constitutional claim about why Rule 34 should not have applied to his motion for a new trial. Additionally, Smith suggests that the tolling mechanisms available to post-conviction petitioners should be applicable to toll the Rule 34 time limit to file his motion for a new trial.

The State claims that the district court lacked jurisdiction to hear Smith's motion for a new trial, therefore the motion was frivolous and the court properly denied the appointment of counsel.[2] Additionally, the State claims that even if equitable tolling were permitted in this context, Smith is still unable to present a non-frivolous claim that his mental competency prevented him from timely filing. To support this argument, the State points to the numerous filings Smith made in the four-year time period since the remittitur was issued and also points to the post-conviction petitions Smith filed as evidence of his ability to timely file his motion for a new trial within the Rule 34 time limits.

We start by briefly discussing the history of Smith's competency claim. Smith first raised the issue of his competency prior to trial when he requested a continuance and argued that he was mentally unfit to proceed to trial. After reviewing Smith's mental health evaluation, the district court granted a continuance and ordered further psychiatric evaluations be performed, pursuant to I.C. § 18-211, to determine Smith's ability to understand the proceedings against him. A psychiatric evaluation was performed and the evaluation indicated that Smith was probably not competent to stand trial until he was prescribed medication. Smith was prescribed Trazadone and Celexa and the trial date was scheduled. Prior to trial, the jail staff took Smith off one of his medications which the jail staff concluded was only prescribed for sleeping. The district court stated that the trial would continue as scheduled unless the psychiatrist determined

---

[2] Smith notes that the district court had jurisdiction to consider whether it possessed jurisdiction. *See State v. Peterson*, 148 Idaho 610, 614, 226 P.3d 552, 556 (Ct. App. 2010) ("It is fair to say, of course, that a court has jurisdiction to determine whether it possesses jurisdiction.").

4

that the removal of the medication would affect Smith's competency. Smith did not object to the court's ruling and did not request another continuance at that time. Thereafter, the psychiatrist seemingly did not indicate the medication issue was a problem and Smith was tried and convicted of grand theft.

Smith did not raise any issues relating to his competency in the direct appeal of his conviction or in his initial petition for post-conviction relief. Smith's first five motions for a new trial also did not raise any competency issues.[3] On February 18, 2011, Smith filed a successive petition for post-conviction relief wherein he raised a competency-related issue in an attempt to toll the statute of limitations for filing the petition. Specifically, he asserted that his mental illness and his prescriptions for psychotropic medication provided sufficient reason for the district court to consider his petition, though it was filed outside the one-year time limitation. The district court rejected his argument, summarily dismissed the petition, and this Court affirmed the district court's decision in *Smith v. State*, Docket No. 39705 (Ct. App. May 14, 2013) (unpublished).

On January 19, 2012, over two years after the remittitur from his direct appeal had been issued, Smith filed a sixth motion for a new trial challenging whether the district court erred by failing to order a psychiatric evaluation and failing to conduct a competency hearing. The district court denied the motion and Smith appealed. On appeal, this Court affirmed the district court's order denying the motion, holding that the motion was untimely and the district court was precluded from enlarging the time limitation to file the motion. *See Smith*, 154 Idaho at 583, 300 P.3d at 1071. Prior to this Court issuing that opinion, Smith filed a seventh motion for a new trial (the motion at issue on this appeal) again alleging that the district court erred by failing to order a psychiatric evaluation. This time, however, Smith added the claim that the application of Rule 34 was unconstitutional. The district court denied the motion and Smith appealed.

Based on the foregoing, we conclude that the district court did not err in denying Smith's motion. The record demonstrates that Smith did receive a psychiatric evaluation, as ordered by the district court, pursuant to I.C. § 18-211, and was found competent to proceed to trial once provided with medication. Smith did not object to proceeding to trial when he was without one of his medications and did not request a continuance at that time. Further, Smith failed to raise

---

[3] Smith's first five motions for a new trial raised evidentiary issues and issues alleging the ineffective assistance of counsel.

5

the issue of his competency on his direct appeal and in his initial post-conviction proceedings. He also did not raise the issue in his first five motions for a new trial. When Smith eventually raised the issue of his competency in his sixth motion for a new trial, the Rule 34 time limit had lapsed and the district court no longer had jurisdiction to rule on the motion. *See Smith*, 154 Idaho at 583, 300 P.3d at 1071. Smith's seventh motion for a new trial does not raise a new issue, but only contains a new argument for why his untimely motion should not be subject to the Rule 34 bar. This argument could have been raised in his sixth motion for a new trial, but Smith failed to raise it at that time. Therefore, Smith is precluded from raising this claim as he already raised the claim in his sixth motion for a new trial and this Court concluded that the district court properly denied the motion based on the lack of jurisdiction. *See Ticor Title Co. v. Stanion*, 144 Idaho 119, 124, 157 P.3d 613, 618 (2007) (discussing that claim preclusion bars subsequent actions when the claim involves the same parties, same claim, and there is a final judgment). Additionally, Smith had the ability to raise the issue in his direct appeal or in his initial post-conviction petition but failed to do so.

Further, even if a tolling mechanism were applicable to the Rule 34 time limitations, Smith would still be unable to show that the district court abused its discretion by denying his request for appointment of counsel. A criminal defendant is not entitled to counsel if the proceeding is frivolous. I.C. § 19-852(b)(3). *See also Wade*, 125 Idaho at 523-24, 873 P.2d at 168-69. Smith contends that appointed counsel would have been able to raise a non-frivolous claim that the time limits imposed by Rule 34 were unconstitutional as applied to him. He asserts that the time limits were unconstitutional as applied to him because Rule 34 contains no mechanism in which to toll the time limitation. However, even if the tolling mechanisms established in post-conviction proceedings applied to Rule 34 motions, which we do not decide, Smith's claim would still be frivolous because he does not meet the requirements for equitable tolling. Equitable tolling of the statute of limitations in post-conviction proceedings is "borne of the petitioner's due process right to have a meaningful opportunity to present his or her claims." *Schultz v. State*, 151 Idaho 383, 385-86, 256 P.3d 791, 793-94 (Ct. App. 2011) (quoting *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009)). Therefore, in equitable tolling circumstances, the petitioner's due process right is not violated by a statute of limitations bar unless he can show: (1) that he was prevented from filing a timely claim; and (2) that he filed the claim within a reasonable time once the event which prevented him from filing ceased.

*Schultz*, 151 Idaho at 386, 256 P.3d at 794. *See also Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007); *Judd v. State*, 148 Idaho 22, 25-26, 218 P.3d 1, 4-5 (Ct. App. 2009). Thus, Smith would be required to show that he was unable to file his claim within the time limits of Rule 34 and that once he became able to file his claim, he filed within a reasonable time. Smith's motion for a new trial asserted that it was based on newly discovered evidence, which Rule 34 requires to be brought within two years after final judgment. I.C.R. 34. However, Smith's motion argued that the district court erred by failing to order a psychiatric evaluation and failing to conduct a competency hearing. This argument does not consist of newly discovered evidence. Thus, Smith was required to file his motion for a new trial within fourteen days of the verdict or the imposition of his sentence pursuant to Rule 34.[4] Smith's verdict was filed on November 6, 2007, and his sentence was imposed on March 31, 2008. Accordingly, the latest Smith could have filed his motion for a new trial, based on the district court's failure to order a psychiatric evaluation, was April 14, 2008. Smith has provided no evidence that he was prevented from filing his claim by that date. Contrarily, the record indicates that Smith had filed three motions for a new trial prior to January 2008. Thus, Smith demonstrated the ability to identify and file claims within the appropriate time period, but he failed to do so with regard to his competency claim.

Additionally, the issue of whether Smith's mental status would allow a time limitation to be tolled has already been adjudicated in Smith's successive petition for post-conviction relief. In that case, this Court determined that Smith's petition was not entitled to equitable tolling, stating:

> Smith does not argue that his mental condition or his psychotropic medication prevented him from raising his claims during his direct appeal or his initial post-conviction petition. There is nothing in the record that shows that Smith was unable to inform his prior counsel of the claims he wanted to address. Contrarily, the record indicates that Smith filed his initial petition for post-conviction relief

---

[4] Even if Smith's competency argument was construed as newly discovered evidence, he would be unable to meet the two-year time limit established by Rule 34. The two-year period wherein Smith could have filed a motion for a new trial, based on newly discovered evidence, ran from June 17, 2009, to June 17, 2011. Thus, Smith would have to show that his incompetency prevented him from filing claims during that time period. However, during that time period, Smith filed his successive petition for post-conviction relief and his fifth motion for a new trial. This demonstrates that Smith had the ability to identify and file his competency claim during the two-year time period, but failed to do so.

pro se, demonstrating his ability and mental acuity to understand his claims and raise them. Accordingly, Smith's successive petition is not entitled to equitable tolling. *See Leer v. State*, 148 Idaho 112, 218 P.3d 1173 (Ct. App. 2009) (holding that equitable tolling did not apply on the basis of mental incapacity when the defendant demonstrated his mental acuity by timely filing a pro se motion for appointment of post-conviction counsel).

*Smith*, Docket No. 39705. Therefore, Smith would be unable to show that his mental status prevented him from timely filing a motion for a new trial on the basis of his competency. Smith's motion for a new trial would not have been subject to equitable tolling and thus, appointed counsel would be unable to develop a non-frivolous claim that the time limits imposed by Rule 34 were unconstitutional as applied to Smith. Accordingly, the district court did not err in denying Smith's request for appointment of counsel.

## III.

## CONCLUSION

Smith has failed to demonstrate reversible error. Therefore, the district court's order denying Smith's motions for a new trial and appointment of counsel is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**