**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45566**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 25, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT BENJAMIN BRACKETT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Eric J. Wildman, District Judge.

Order denying motion for new trial, affirmed.

Robert Benjamin Brackett, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Robert Benjamin Brackett appeals from the district court's order denying his motion for new trial. Brackett argues the district court abused its discretion by denying the motion despite his *Brady*[1] claim and his claims of newly discovered evidence. The district court's order denying the motion for new trial is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This is the sixth appeal arising from the facts of Brackett's case, which this Court previously stated as follows:

> In January 2011, a minor reported to authorities that she had a sexual relationship with forty-six-year-old Brackett. At the time of the relationship, the minor was sixteen years old. Officers recovered a camera containing many sexually explicit photos of the minor, which the minor claimed were taken by

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

1

Brackett and some of which depicted her having sexual contact with Brackett. Brackett was charged with eight counts of possession of sexually exploitive materials, I.C. § 18-1507A, and eight counts of sexual battery on a minor child of sixteen or seventeen, I.C. § 18-1508A. Brackett's first trial ended in a mistrial after Brackett, during his opening statement, violated the district court's pretrial order. After his second trial, Brackett was found guilty by a jury of eight counts of possession of sexually exploitive materials and five counts of sexual battery on a minor child of sixteen or seventeen.

*State v. Brackett*, 160 Idaho 619, 624, 377 P.3d 1082, 1087 (Ct. App. 2016). Brackett appealed his conviction, but this Court affirmed. *Id.*

While the appeal of his conviction was still pending, Brackett filed a motion for new trial, which the district court denied and Brackett did not appeal. Brackett filed a second motion for new trial, which the district court denied and this Court affirmed on appeal. *See State v. Brackett*, Docket No. 44143 (Ct. App. Nov. 8, 2017) (unpublished). Brackett then filed a petition for post-conviction relief, which the district court denied and this Court affirmed the denial in an unpublished opinion. *See State v. Brackett*, Docket No. 45402 (Ct. App. Jan. 23, 2019). Months after Bracket filed his petition for post-conviction relief, he filed a third motion for new trial, which the district court denied and this Court affirmed on appeal. *See State v. Brackett*, Docket No. 45071 (Ct. App. May, 10, 2018) (unpublished).

Brackett then filed a fourth motion for new trial alleging a *Brady* violation and two claims of newly discovered evidence. Attached to the motion was: (1) the affidavit of Timothy Miner, a witness from Brackett's trial, which claimed the victim had told Miner the prosecutor had threatened her to testify in a particular way; (2) the transcript of the hearing on Brackett's second motion for new trial; and (3) a letter from Joshua Gabert, the victim's past employer, which claimed the victim had falsely accused Gabert of rape, but later retracted the accusation. In his motion, Brackett alleged the State withheld a letter from Megan Gonzalez which corroborated the Miner affidavit and alleged the State had bribed the victim in exchange for false testimony. Brackett argued that because the Gonzalez letter was withheld by the State, it constituted newly discovered evidence. The district court denied Brackett's fourth motion for new trial, holding: (1) it could not evaluate the Gonzalez letter because it was not provided to the district court; (2) it could not evaluate the Miner affidavit because it lacked jurisdiction to

revisit a previous ruling on the affidavit; and (3) the Gabert letter did not pass the *Drapeau*[2] standard for newly discovered evidence. Brackett appeals to this Court.

## II.

## STANDARD OF REVIEW

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Heiner*, 163 Idaho 99, 101, 408 P.3d 97, 99 (Ct. App. 2017).

## III.

## ANALYSIS

Brackett argues the district court abused its discretion by denying his fourth motion for new trial.[3] He contends the State committed a *Brady* violation by withholding the Gonzalez letter and that the Gonzalez letter, as well as the Gabert letter, constitute newly discovered evidence.

First, Brackett's *Brady* claim is untimely. Idaho Criminal Rule 34 sets forth the time frame in which a motion for new trial may be filed. Motions based on a valid claim of newly discovered evidence may be brought within two years of a final judgment. I.C.R. 34(b)(1). However, motions for new trial based upon any other ground may only be brought within

---

[2]      *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (1976).

[3]      We note Brackett's failure to point this Court to which factor of abuse of discretion the district court abused. *See State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017) ("We emphasize that when a party 'does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it or that the district court did not reach its decision by an exercise of reason,' such a conclusory argument is 'fatally deficient' to the party's case."). However, we continue to evaluate Brackett's claims by assuming he argues the district court failed to correctly apply the legal standards applicable to the specific choices available to it.

fourteen days after a verdict, finding of guilty, or imposition of sentence. I.C.R. 34(b)(2). Brackett was convicted on February 20, 2013, sentenced on September 30, 2013, and the remittitur from the appeal of his conviction was issued on August 5, 2016. Brackett filed his fourth motion for new trial on September 25, 2017. Thus, Brackett's *Brady* claim was filed far beyond I.C.R. 34's fourteen-day limit and was untimely.

Second, Brackett's claims of newly discovered evidence, while timely, also fail as a matter of law. Idaho Criminal Rule 34's two-year limit for newly discovered evidence claims began the date the remittitur was issued from the appeal of Brackett's conviction. *See State v. Peterson*, 148 Idaho 610, 614, 226 P.3d 552, 556 (Ct. App. 2010). Thus, because Brackett filed his fourth motion for new trial before August 5, 2018, his newly discovered evidence claims were timely. However, Brackett does not satisfy the *Drapeau* test which requires a motion based on newly discovered evidence to disclose:

> (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976) (quoting 2 C. Wright, Federal Practice and Procedure: Criminal 557, at 515 (1969)).

First, as explained by the district court, a copy of the Gonzalez letter does not appear in the record, so this Court cannot evaluate whether it constitutes newly discovered evidence. Concerning the Gabert letter under the first prong of *Drapeau*, Brackett argues the letter constitutes newly discovered evidence because it surfaced after trial. However, Brackett fails to explain why Gabert, who was the victim's past employer, or Gabert's claim about the victim's false rape allegation, was unknown to him at the time of trial. Therefore, Brackett fails to prove the first prong of the *Drapeau* test.

Under the second prong, Brackett argues the Gabert letter is material because it would discredit the victim's testimony upon which the State built its case. However, as explained by the district court, the statements in the Gabert letter could only be offered for the purpose of impeachment; they do not relate to the material issues posed to the jury: whether Brackett possessed sexually exploitive materials or whether Brackett committed sexual battery on a minor child.

4

Under the third prong, Brackett argues that whether the Gabert letter would produce an acquittal is a conclusion to be determined by the jury. This misstates the third prong of *Drapeau*, that the newly discovered evidence "will probably produce an acquittal." The Gabert letter does not meet this standard. Brackett made many similar attempts to impeach the victim at trial which, amid the ample evidence produced to corroborate the victim's testimony and otherwise show Brackett's guilt, failed to result in his acquittal.

Under the fourth prong, Brackett fails to argue why his post-trial discovery of Gabert's identity and possession of relevant information was not due to his own negligence. Because Brackett has failed to prove any of the *Drapeau* prongs concerning the Gabert letter, he has not proven it constitutes newly discovered evidence.

## IV.

## CONCLUSION

Brackett's *Brady* claim is untimely and his claims of newly discovered evidence fail as a matter of law. Thus, the district court did not abuse its discretion by denying Brackett's fourth motion for new trial. The district court's order denying Brackett's motion for new trial is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.