**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33868**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2008 Opinion No. 80** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: August 15, 2008** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| CARTER J. ARMSTRONG, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Judgment of conviction for lewd and lascivious conduct with a minor under sixteen, <u>reversed</u>, and prior judgment for felony injury to children, <u>reinstated</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent.

---

LANSING, Judge

In this appeal, appellant Carter J. Armstrong challenges his judgment of conviction and probation order as being violative of a plea agreement. We do not address the merits of his argument, however, because an issue raised by respondent State of Idaho is dispositive. The State contends that the district court was without jurisdiction in this case to allow Armstrong to withdraw an *earlier* guilty plea to a different offense, and therefore all subsequent orders or judgments in this case have been void for lack of jurisdiction. Consequently, the State contends, the earlier guilty plea and its attendant conviction and sentence must be reinstated. We are constrained to agree with the State.

1

## I.

## FACTS AND PROCEDURE

Armstrong was originally charged with lewd conduct with a minor child under sixteen, Idaho Code § 18-1508. Pursuant to a plea agreement, he pleaded guilty to an amended charge of felony injury to children, I.C. § 18-1501(1). One of the terms of the plea agreement was that the State would not request a psychosexual evaluation. The district court accepted this plea and on March 2, 2005, entered a judgment[1] imposing a unified sentence of six years with three years determinate, suspended the sentence, and placed Armstrong on four years' probation. No appeal was taken.

Thereafter, Armstrong's probation officer required Armstrong to participate in a sex offender evaluation including, apparently, a psychosexual evaluation. Armstrong refused to do so and a report of probation violation was thereupon filed alleging that he was in violation of the terms of probation. Armstrong contested the alleged violation, contending that the requirement of a psychosexual evaluation was a violation of the plea agreement. He requested either specific performance of his plea agreement or, alternatively, that he be allowed to withdraw his guilty plea. The prosecutor agreed to dismiss the alleged violation and further said that if the district court were to find a breach, the State would have no objection to a withdrawal of Armstrong's guilty plea and reinstatement of the original charge of lewd conduct.

The district court held that the State had not breached the plea agreement because the prosecutor had promised only that the State would not request a psychosexual evaluation for use in sentencing. The district court also concluded that probation authorities were entitled to require a psychosexual evaluation, but that "in fairness" Armstrong would be allowed to withdraw his guilty plea if he wished to do so. Armstrong elected to withdraw his plea, and the original lewd conduct charge was reinstated.

Over two months later, another plea agreement was reached calling for Armstrong to plead guilty to an amended charge of infamous crime against nature, I.C. § 18-6605, and for a

---

[1]    Although the March 2, 2005 judgment was confusingly entitled "Minute Entry and Order," there is no dispute that it was actually a judgment of conviction. *See State v. Thomas*, Docket No. 34741 (July 1, 2008). The judgment of conviction also miscites the felony injury to children statute as I.C. § 18-1601 instead of I.C. § 18-1501(1). This clerical error may be corrected on remand pursuant to I.C.R. 36.

2

unified five-year sentence with a one-year determinate term, with the court retaining jurisdiction. The agreement provided that if Armstrong successfully completed the retained jurisdiction program, he would be placed on four years' supervised probation.

At the close of the retained jurisdiction period, the district court held a hearing at which the court expressed its intention to suspend the sentence and placed Armstrong on supervised probation for five years. Armstrong objected to the five-year term, contending that the court was bound by the second plea agreement to impose only four years of probation. The district court disagreed and, in its order suspending the sentence, placed Armstrong on probation for five years. Armstrong took this appeal, asserting as his sole claim of error that the probation term violated the binding plea agreement.

The State does not respond to this issue raised by Armstrong but, instead, argues that when the district court allowed Armstrong to withdraw his initial guilty plea in August of 2005, the court had no jurisdiction to do so and, therefore, the original guilty plea, conviction, and sentence for felony injury to children must be reinstated. Armstrong has not chosen to dispute the State's position.

## II.

## ANALYSIS

The State rests its jurisdictional argument on *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003), where the Idaho Supreme Court held that a trial court's jurisdiction to allow withdrawal of a guilty plea terminates when the judgment of conviction has become final. If no appeal from a judgment is taken, finality occurs when the time to appeal expires forty-two days after the judgment. *Id.* at 355, 79 P.3d at 714. Armstrong's motion to withdraw his initial guilty plea was made several weeks after the judgment rendered on that plea became final. The State therefore asserts that the court had no jurisdiction to reopen Armstrong's case by allowing withdrawal of the first guilty plea, that all of the subsequent proceedings in the district court were without jurisdiction, and that all subsequent orders are void.

As the State's position here illustrates, a determination that a court lacked subject matter jurisdiction to issue an order or judgment carries far-reaching consequences. In *Sierra Life Ins. Co. v. Granata*, 99 Idaho 624, 586 P.2d 1068 (1978), our Supreme Court noted that the general concept of "jurisdiction" is very broad and has many facets, and it then warned:

3

> [B]ecause of the serious ramifications and consequences which could follow from a court acting without jurisdiction over the subject matter, we recognize that it is important to keep that concept clearly defined. For example, the defense of lack of jurisdiction over the subject matter is never waived (I.R.C.P. 12(h)); purported judgments entered by a court without jurisdiction over the subject matter are void and as such are subject to collateral attack, and are not entitled to recognition in other states under the full faith and credit clause of the United States Constitution (Restatement of Judgments, § 7 (1942)). In addition, judges who act without jurisdiction over the subject matter may be liable for damages in civil actions. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1871). For these reasons, it may work considerable mischief to confuse lack of jurisdiction over the subject matter with questions of venue, other aspects of jurisdiction, or defenses which may bar relief or render it improper or inappropriate for a court to proceed with a case even though it has jurisdiction over the subject matter.

*Id.* at 626-27, 586 P.2d at 1070-71. *See also Coeur d'Alenes Lead Co. v. Kingsbury*, 56 Idaho 475, 489-90, 55 P.2d 1307, 1313 (1936) (Ailshie, J., spec. concur.). A court's lack of subject matter jurisdiction cannot be waived by a party, *United States v. Cotton*, 535 U.S. 625, 630 (2002); *State v. Rogers*, 140 Idaho 223, 227-28, 91 P.3d 1127, 1131-32 (2004), and parties cannot consent to the court's assumption of jurisdiction through conduct or acquiescence nor be estopped from asserting its absence. *Fairway Development Co. v. Bannock County*, 119 Idaho 121, 125, 804 P.2d 294, 298 (1990). Accordingly, a party may assert a lack of subject matter jurisdiction for the first time on appeal, *Idaho State Ins. Fund v. Turner*, 130 Idaho 190, 191, 938 P.2d 1228, 1229 (1997); *State v. McCarthy*, 133 Idaho 119, 122, 982 P.2d 954, 957 (Ct. App. 1999), and the issue may even be raised *sua sponte* by a trial or appellate court. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003); *State v. Lopez*, 98 Idaho 581, 585, 570 P.2d 259, 263 (1976); *State v. Murray*, 143 Idaho 532, 534, 148 P.3d 1278, 1280 (Ct. App. 2006).

Perhaps with a view toward these serious ramifications, our Supreme Court has at times employed a narrow definition of subject matter jurisdiction. In *Richardson v. Ruddy*, 15 Idaho 488, 494, 98 P. 842, 844 (1908) (quoting BROWN ON JURISDICTION § 1a), the Court said:

> Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases, not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial.

This narrow definition, or its equivalent, has been followed and applied in many subsequent cases. *See*, *e.g.*, *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007); *Sierra Life Ins. Co.*, 99 Idaho at 628-29, 586 P.2d at 1072-73; *White v. Young*, 88 Idaho 188, 192-93, 397 P.2d 756, 758 (1964); *Rich v. Williams*, 81 Idaho 311, 327, 341 P.2d 432, 441 (1959); *Boughton v. Price*, 70 Idaho 243, 249, 215 P.2d 286, 289 (1950); *Wayne v. Alspach*, 20 Idaho 144, 149-50, 116 P. 1033, 1035 (1911). *Boughton* elaborated on the definition as follows:

> Such jurisdiction the court acquires by the act of its creation, and possesses inherently by its constitution; and it is not dependent upon the sufficiency of the bill or complaint, the validity of the demand set forth in the complaint, or plaintiff's right to the relief demanded, the regularity of the proceedings, or the correctness of the decision rendered.

*Boughton*, 70 Idaho at 249, 215 P.2d at 289. Recently, in *State v. Rogers*, 140 Idaho 223, 227-28, 91 P.3d 1127, 1131-32 (2004) (quoting 20 AM. JUR. 2d *Courts* § 70 (1995)), our Supreme Court stated:

> "Jurisdiction over the subject matter" has been variously defined as referring to (1) the nature of the cause of action and of the relief sought; (2) the class of cases to which the particular one belongs and the nature of the cause of action and of the relief sought; (3) the power of a court to hear and determine cases of the general class to which the particular one belongs; (4) both the class of cases and the particular subject matter involved; and (5) the competency of the court to hear and decide the case. However, subject matter jurisdiction does not depend on the particular parties in the case or on the manner in which they have stated their claims, nor does it depend on the correctness of any decision made by the court. Also, the location of a transaction or controversy usually does not determine subject matter jurisdiction.

A precise use of the term "jurisdiction" refers only to either personal jurisdiction over the parties or subject matter jurisdiction. Unfortunately, however, the term is often used more loosely to refer simply to a court's authority to take a certain action or grant a certain type of relief. That is, courts and lawyers sometimes say that a court lacked jurisdiction when they really mean simply that the court committed error because the action that was taken did not comply with governing law. For example, our appellate courts have referred to a lack of "jurisdiction" when perhaps more precisely meaning that a motion or complaint was not timely filed, that a condition precedent to the right to file the action was not satisfied, or that governing statutes or court rules did not authorize the particular decision made by the court. *See*, *e.g.*, *Park v. Banbury*, 143 Idaho 576, 149 P.3d 851 (2006) (lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies); *Regan v. Kootenai County*, 140 Idaho 721,

5

724, 100 P.3d 615, 618 (2004) (same); *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995) (saying time limitations for filing a post-conviction relief petition are jurisdictional in nature); *State v. Griffith*, 140 Idaho 616, 618, 97 P.3d 483, 485 (Ct. App. 2004) (no jurisdiction to reopen case two years after it was erroneously dismissed); *Gomez v. State*, 120 Idaho 632, 634, 818 P.2d 336, 338 (Ct. App. 1991) (referring to untimeliness of a post-conviction relief action as a jurisdictional defect); *Ward v. Lupinacci*, 111 Idaho 40, 41, 720 P.2d 223, 224 (Ct. App. 1986) (jurisdiction to enter a judgment two years after verdict).  On subsequent consideration, the jurisdiction rubric employed in some of these cases has been abandoned or overruled, and some recent decisions have emphasized the narrower meaning of subject matter jurisdiction.  *See State v. Adair*, 145 Idaho 514, 516, 181 P.3d 440, 442 (2008) (saying the defendant's failure to support his I.C.R. 35 motion with additional information as required for relief to be granted does not deprive appellate court of subject matter jurisdiction to hear an appeal from the denial of the motion); *State v. Shumway*, 144 Idaho 580, 581-82, 165 P.3d 294, 295-96 (Ct. App. 2007) (same); *Cole v. State*, 135 Idaho 107, 110, 15 P.3d 820, 823 (2000) (saying in a post-conviction case, the statute of limitation defense is not a jurisdictional issue that may be raised at any time and it is waived by failure to raise the defense in the trial court); *Anderson v. State*, 133 Idaho 788, 791-92, 992 P.2d 783, 786-87 (Ct. App. 1999) (same).

Idaho courts are not alone in their tendency to lapse into jurisdiction terminology when they are not really referencing either subject matter jurisdiction or personal jurisdiction.  The Supreme Court of California recently discussed the imprecision this way:

> The term "jurisdiction," "used continuously in a variety of situations, has so many different meanings that no single statement can be entirely satisfactory as a definition." (*Abelleira v. District Court of Appeal* (1941) 17 Cal. 2d 280, 287, 109 P.2d 942 (*Abelleira*).)  Essentially, jurisdictional errors are of two types. "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*Id.* at p. 288, 109 P.2d 942.) When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and "thus vulnerable to direct or collateral attack at any time." (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal. 3d 94, 119, 101 Cal. Rptr. 745, 496 P.2d 817 (*Barquis*).)
>
> However, "in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations." (*Abelleira, supra*, 17 Cal. 2d at p. 288, 109 P.2d 942.)  It may also "be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain

kinds of relief, or to act without the occurrence of certain procedural prerequisites." (*Ibid.*) "[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction." (*Id.* at p. 290, 109 P.2d 942.) When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. (*In re Marriage of Goddard* (2004) 33 Cal. 4th 49, 55, 14 Cal. Rptr. 3d 50, 90 P.3d 1209; *Conservatorship of O'Connor* (1996) 48 Cal. App. 4th 1076, 1088, 56 Cal. Rptr. 2d 386.) That is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by "principles of estoppel, disfavor of collateral attack or res judicata." (*Conservatorship of O'Connor*, at p. 1088, 56 Cal. Rptr. 2d 386.) Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless "unusual circumstances were present which prevented an earlier and more appropriate attack." (*Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal. 2d 715, 727, 285 P.2d 636; *id.* at p. 725, 285 P.2d 636 [general rule is that a "final judgment or order is res judicata" and not subject to collateral attack "even though contrary to statute where the court has jurisdiction in the fundamental sense, i.e., of the subject matter and the parties"]; 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 323, p. 899.)

*People v. American Contractors Indemnity Co.*, 93 P.3d 1020, 1023-24 (Cal. 2004).

This tendency to overuse the term "jurisdiction" has been confessed by even the United States Supreme Court. In *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510-11 (2006), that Court commented:

"Jurisdiction," this Court has observed, "is a word of many, too many, meanings." *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 90, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (internal quotation marks omitted). This Court, no less than other courts, has sometimes been profligate in its use of the term. For example, this Court and others have occasionally described a nonextendable time limit as "mandatory and jurisdictional." *See*, *e.g.*, *United States v. Robinson*, 361 U.S. 220, 229, 80 S. Ct. 282, 4 L. Ed. 2d 259 (1960). But in recent decisions, we have clarified that time prescriptions, however emphatic, "are not properly typed 'jurisdictional.'" *Scarborough v. Principi*, 541 U.S. 401, 414, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004); accord *Eberhart v. United States*, ante, at 16-19, 126 S. Ct. 403, 405-407, 163 L. Ed. 2d 14 (2005) (*per curiam*); *Kontrick*, 540 U.S., at 454-455, 124 S. Ct. 906. *See also Carlisle v. United States*, 517 U.S. 416, 434-435, 116 S. Ct. 1460, 134 L. Ed. 2d 613 (1996) (GINSBURG, J., concurring).

. . . .

On the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous. "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief--a merits-related determination." 2 J. Moore et

al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed. 2005) (hereinafter Moore). Judicial opinions, the Second Circuit incisively observed, "often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." *Da Silva*, 229 F.3d, at 361. We have described such unrefined dispositions as "drive-by jurisdictional rulings" that should be accorded "no precedential effect" on the question whether the federal court had authority to adjudicate the claim in suit. *Steel Co.*, 523 U.S. at 91, 118 S. Ct. 1003.

In the case before us, the State's argument--that the order allowing withdrawal of Armstrong's initial guilty plea and all subsequent orders or judgments are void--can prevail only if subject matter jurisdiction was truly absent. This is so because the State did not challenge the court's jurisdiction at any point during the proceedings below. This Court would ordinarily not consider an issue raised for the first time on appeal, *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992), but as noted above, an absence of subject matter jurisdiction is never waived and can be raised initially on appeal or even through a collateral attack on a judgment. Additionally, the State is seeking affirmative relief without having filed a cross-appeal, which would not ordinarily be allowed, *see* Idaho Appellate Rule 15(a); but if the issue raised is one of subject matter jurisdiction, this procedural flaw does not preclude its consideration. Therefore, the question that must be resolved on this appeal is whether, when the Idaho Supreme Court said in *Jakoski* that a court has no jurisdiction to rule on a motion for withdrawal of a guilty plea that was filed after the judgment of conviction became final, the Court was truly referring to subject matter jurisdiction or was only using the term "jurisdiction" in the more general sense to refer to the trial court's lack of authority under applicable statutes and rules to reopen a case that had been concluded by a final judgment.

In explaining its decision, the *Jakoski* Court said:

Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal.

Jakoski argues that Article V, § 20, of the Constitution of the State of Idaho grants the district courts unending jurisdiction over a case. That provision states, "The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." The word "jurisdiction" refers to the subject-matter jurisdiction of the district courts. See *Boughton v. Price*, 70 Idaho 243, 215 P.2d 286 (1950). Jurisdiction over the subject-matter is the abstract power to hear a case of a particular kind and character. *Wayne v. Alspach*, 20 Idaho 144, 116 P. 1033 (1911). Article V, § 20, grants district courts the power to hear all types of cases, both at law and in

8

equity. It does not grant them perpetual jurisdiction to amend or set aside final judgments in cases that they have heard.

Rule 33(c) of the Idaho Criminal Rules does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea. Jakoski was sentenced on December 12, 1994, and the judgment was entered on December 22, 1994. He did not appeal the judgment, and it therefore became final 42 days later. Thereafter, the district court no longer had jurisdiction to hear a motion to withdraw Jakoski's guilty plea.

*Jakoski*, 139 Idaho at 355, 79 P.3d at 714 (footnotes omitted). In that discussion the Court not only referred to the ultimate source of Idaho courts' subject matter jurisdiction, the Idaho Constitution, but also expressly referred to subject matter jurisdiction. Plainly, the Idaho Supreme Court was speaking of the trial court's subject matter jurisdiction. This conclusion is reinforced by the circumstance that in *Jakoski* the State did not raise the jurisdictional challenge in the trial court or on appeal; it was raised *sua sponte* by this Court during the intermediate appeal, after which the Supreme Court took review.[2]

The *Jakoski* holding, that a trial court lacks subject matter jurisdiction to grant a motion for withdrawal of a guilty plea after the judgment of conviction becomes final, carries the attendant consequences discussed above, including the consequence that the validity of the order may be challenged at any time. In this case, it includes voiding all of the district court proceedings that followed in the months after the court granted Armstrong's untimely motion to withdraw his initial guilty plea because all of those proceedings occurred without subject matter jurisdiction. In view of the Supreme Court's explicit holding that subject matter jurisdiction is absent in this circumstance, if such consequences are not to attach, that clarification must come from our Supreme Court.

When Armstrong moved to withdraw his guilty plea to felony injury to children, the time for appeal from the judgment of conviction had expired and no appeal was pending. Therefore, under *Jakoski*, the district court lacked subject matter jurisdiction to grant the motion. Accordingly, Armstrong's plea of guilty to felony injury to children and the judgment of conviction entered upon that guilty plea, including the sentence imposed, are reinstated. This disposition renders moot the issue raised by Armstrong in this appeal.

---

[2]     The *Jakoski* opinion itself does not disclose that the State made no jurisdictional objection in the district court, but the parties' briefing in that case so indicates.

## III.

### CONCLUSION

Armstrong's conviction for infamous crime against nature is vacated and the prior judgment of conviction for felony injury to children is reinstated. This case is remanded to the district court for any further proceedings that may be required to effectuate this decision.

Chief Judge GUTIERREZ and Judge PERRY **CONCUR.**