**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36066**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 473 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 18, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STEPHEN FLOYD ULLRICH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LANSING, Chief Judge

Stephen Floyd Ullrich appeals from the district court's denial of his Idaho Criminal Rule 33(c) motion to withdraw his guilty plea. We affirm.

**I.**

**BACKGROUND**

In March of 1999, Ullrich was convicted, upon a guilty plea, of lewd conduct with a child under sixteen. Ullrich did not appeal from the judgment.

Ullrich filed the instant I.C.R. 33(c) motion to withdraw his 1999 guilty plea in November of 2007, although it arguably dates back to a pro se motion filed in 2004. The district court denied Ullrich's motion because the court lacked subject matter jurisdiction and noted for the record that it would deny the motion even if it had jurisdiction to reach the merits. Ullrich filed a motion to reconsider, which was denied. Ullrich appeals from these denials. He argues that jurisdiction exists to entertain his motion on various equitable grounds in order to remedy manifest injustice.

1

## II.

## DISCUSSION

The district court correctly held that it lacked subject matter jurisdiction to entertain Ullrich's motion to withdraw his guilty plea. Whether a court has jurisdiction is a question of law, over which we exercise free review. *State Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003); *State v. Savage*, 145 Idaho 756, 758, 185 P.3d 268, 270 (Ct. App. 2008). Post-judgment motions to withdraw guilty pleas are authorized by I.C.R. 33(c). Once a judgment becomes final, however, a trial court does not have jurisdiction to amend or set aside the judgment absent a statute or a rule extending jurisdiction. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004); *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003); *State v. Armstrong*, 146 Idaho 372, 377-78, 195 P.3d 731, 736-37 (Ct. App. 2008). A judgment becomes final at the expiration of time for appeal or affirmance of the judgment on appeal, and a motion to withdraw a guilty plea may not be granted thereafter. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714; *Armstrong*, 146 Idaho at 377-78, 195 P.3d at 736-37.

The trial court here lacked subject matter jurisdiction to entertain Ullrich's motion to withdraw his guilty plea because the judgment of conviction had become final in April 1999, upon expiration of the time for appeal, over eight years before Ullrich filed his motion. Contrary to Ullrich's assertions, manifest injustice, the only ground for granting a motion to withdraw a guilty plea post-sentencing under I.C.R. 33(c), does not create an exception to the trial court's loss of subject matter jurisdiction upon a judgment becoming final. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714 ("Rule 33(c) of the Idaho Criminal Rules does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea.").

The district court's order denying Ullrich's motion to withdraw his guilty plea is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**