**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41566**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 509 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 16, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| FRANK LESLIE NICOLAI, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order denying motion to correct illegal sentence, <u>affirmed</u>.

Frank Leslie Nicolai, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Frank Leslie Nicolai was convicted of rape and second degree kidnapping. He was sentenced to a determinate life term of imprisonment for the rape and a concurrent determinate term of twenty-five years in prison for the kidnapping. Nicolai filed a motion pursuant to Idaho Criminal Rule 35 contending that his sentence is illegal. The court denied the motion and Nicolai appeals.

## I.

## BACKGROUND

Nicolai was indicted on charges of rape, Idaho Code § 18-6101, and kidnapping, I.C. § 18-4503. During trial, Nicolai chose to change his plea and ultimately pleaded guilty to both counts. Thereafter, Nicolai filed a petition for post-conviction relief alleging ineffective assistance of counsel. In those proceedings, the district court concluded that Nicolai was entitled

1

to resentencing and did resentence him,[1] imposing a fixed term of twenty-five years in prison as to the kidnapping charge and a concurrent fixed life sentence as to the rape charge. Nicolai directly appealed his sentences, arguing that they were unduly harsh. This Court affirmed the judgment and sentences in an unpublished opinion. *State v. Nicolai*, Docket No. 35770 (Ct. App. May 5, 2009).

Thereafter, Nicolai filed a motion, pursuant to I.C.R. 35, arguing that his fixed life sentence is illegal. The district court denied the Rule 35 motion and Nicolai now appeals.

## II.

## ANALYSIS

Neither in the district court nor on appeal has Nicolai set forth his legal arguments with specificity. Nonetheless, we construe his pleadings below, and his briefing on appeal, to raise six issues: (1) his fixed life sentence is illegal because the relevant statute authorizes life sentences, but not fixed life sentences; (2) the court failed to inform him of the maximum sentence that could be imposed for the offense of rape, because the court informed him he could be sentenced to life, but not to fixed life; (3) despite receiving a fixed life sentence, he should be parole eligible after ten years in prison; (4) to the extent a fixed life sentence could be imposed, it was based upon an unidentified aggravating fact and the determination of that fact was not submitted to the jury as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (5) Idaho Code § 19-2513 limits the sentencing discretion of the court to imposed fixed sentences; (6) the court is required to enter specific findings before imposing a life sentence and it failed to do so.

We begin our analysis by noting that Nicolai's Rule 35 motion is time-barred unless he can demonstrate that his sentence is illegal. By terms of that rule, a motion to correct an illegal sentence may be made "at any time," but motions to reduce a sentence as a matter of leniency or because the sentence was imposed in an illegal manner had to be filed within 120 days of Nicolai's judgment of conviction. I.C.R. 35(a) and (b). Therefore, we examine Nicolai's contentions to determine whether they demonstrate that his sentences are illegal in any respect.

---

[1] Nicolai raised other issues in his petition for post-conviction relief. Those claims were summarily dismissed by the district court, and that dismissal was affirmed by this Court. *Nicolai v. State*, Docket No. 35444 (March 16, 2010) (unpublished).

**A.   A Fixed Life Sentence for Rape Is Authorized by Law**

Most of Nicolai's claims depend, at least in part, upon a faulty statutory construction argument.  Nicolai essentially argues that because the legislature used the term "fixed life" in the murder punishment statute, I.C. § 18-4004, we should construe all other statutes to preclude fixed life sentences unless similar language is used.   That is, he contends that a statute authorizing a "life sentence" for an offense authorizes only an indeterminate life sentence and not a fixed life sentence because the statute does not say "fixed life."

Nicolai's argument is utterly without merit.  Idaho Code §§ 18-107 and 19-2513 grant trial courts discretion in imposing the fixed and indeterminate portions of a sentence.  Section 18-107 specifies:

> Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code.

Section 19-2513 states in part:

> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody.  The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law.  During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(f), Idaho Code.  The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence and as provided in section 20-223(f), Idaho Code.

The limits for a sentence for rape are set by I.C. § 18-6104, which states that "[r]ape is punishable by imprisonment in the state prison not less than one (1) year, and the imprisonment may be extended to life."  Thus, Section 18-6104 set the outer limits of the permissible sentence for rape (one year to life), Section 18-107 gave the court authority to impose a sentence anywhere within those outer limits, and Section 19-2513 conferred discretion to determine what portion (or all) of the sentence would be determinate or indeterminate.  Consistent with that discretion, the district court may impose a fixed life sentence for the offense of rape.  *See also State v. Amerson*, 129 Idaho 395, 408, 925 P.2d 399, 412 (Ct. App. 1996) (saying, "[T]he district

3

court could have imposed a fixed life sentence for any of [the defendant's] crimes," one of which was rape).  Accordingly, a fixed life sentence for rape is not illegal.

Next Nicolai contends that he was not properly informed of his potential sentence at arraignment.  He argues that he was informed that he might receive a life sentence, but not a fixed life sentence.  A Rule 35 motion claiming that a sentence is illegal, may be brought to challenge only "a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive."  *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009).  *But see State v. Lute*, 150 Idaho 837, 838, 252 P.3d 1255, 1256 (2011).  Nicolai's argument that the arraignment proceeding was faulty does not demonstrate that the sentence itself was illegal.[2]

**B.      Nicolai's Construction of Idaho Code § 19-2513 Is Meritless**

Nicolai argues that Idaho Code § 19-2513 limits the discretion of the sentencing court when a crime carries a mandatory minimum sentence.  The relevant portion of I.C. § 19-2513 states that:  "If the offense carries a mandatory minimum penalty as provided by statute, the court shall specify a minimum period of confinement consistent with such statute."  Nicolai argues that we should interpret this language to mean that the court may impose any indeterminate sentence otherwise authorized, but the fixed portion of the sentence may not exceed the minimum sentence stated in the statute.  Because I.C. § 18-6104 authorizes a sentence of "imprisonment in the state prison not less than one (1) year . . . to life," Nicolai contends that his fixed term may not be more than one year.

Nicolai's argument distorts the meaning of the statute.  In substance, he contends that the one-year *minimum* sentence authorized by the statute is instead a one-year *maximum* fixed term. The statute actually authorizes for rape a sentence of any duration between one year and life, and I.C. § 19-2513 authorizes the court to distribute that sentence between a determinate (fixed) term and an indeterminate term within the court's discretion.  Therefore, Nicolai's sentence for rape is consistent with the relevant sentencing statutes, as required by I.C. § 19-2513.

---

[2]      We also find no authority for the contention that the court must distinguish between indeterminate life sentences and fixed life sentences at a defendant's arraignment.

**C.      Nicolai's *Apprendi* Claim Is Meritless**

Nicolai next argues that his fixed life sentence is improper because certain facts must be found by a jury before a fixed life sentence may be imposed.  In support of his view, he cites *Apprendi*.  That case holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.

*Apprendi* has no application to Nicolai's sentence.  The statute upon which he relies, I.C. § 19-2515, applies only to cases where the death penalty may be imposed.  The State is not required to prove an aggravating factor in order to give a trial court the discretion to impose a fixed life sentence for rape that is authorized by I.C. § 18-6104 and I.C. § 19-2513.  Accordingly, because no fact increased "the penalty for a crime beyond the prescribed statutory maximum," *Apprendi* is plainly inapposite.  The Idaho Supreme Court so recognized in *State v. Stover*, 140 Idaho 927, 931, 104 P.3d 969, 973 (2005), where the Court held that Idaho's unified sentencing regime (other than for capital cases) does not require a finding of fact in order to impose a sentence within the minimum and maximum periods of incarcerations authorized by law.

**D.      Nicolai Is Not Entitled to the Possibility of Parole After Serving Ten Years**

Nicolai also argues that a person sentenced to life imprisonment becomes parole eligible in ten years.  He cites no authority for this provision, but we assume he relies upon prior case law.  In *State v. Wood*, 125 Idaho 911, 913, 876 P.2d 1352, 1354 (1993), we discussed the function of Idaho's prior sentencing regime:

> [U]nder the *former* I.C. § 20-223, a sentence of thirty years or more must be treated as a life sentence thus making a defendant serving a sentence of thirty years or more eligible for parole after ten years.

(emphasis added).  *Wood* also made clear the statutory scheme governing sentencing and parole eligibility was amended by the adoption of the Unified Sentencing Act in 1986, codified at I.C. § 19-2513.  *Id.*  As stated above, I.C. § 19-2513 grants the trial court discretion in imposing the fixed and indeterminate portions of a sentence.  The provisions of former I.C. § 20-223 that were removed by 1986 Sess. Laws Ch. 223, § 5 at 640 are no longer applicable.  Accordingly, the district court did not err by rejecting Nicolai's argument that he must be made parole eligible after serving ten years.

5

**E.**     **The Court Did Not Err by Failing to Make Findings Before Imposing a Fixed Life Sentence**

Nicolai cites *State v. Helms*, 143 Idaho 79, 137 P.3d 466 (Ct. App. 2006) for the proposition that fixed sentence may only be imposed under particular circumstances:

> [A] fixed life sentence is appropriate in only two situations: "if the offense is so egregious that it demands an exceptionally severe measure of retribution and deterrence, or if the offender so utterly lacks rehabilitative potential that imprisonment until death is the only feasible means of protecting society."

*Id.* at 81, 137 P.3d at 468 (quoting *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct. App. 1988)). On this basis, he argues that the district court erred by sentencing him to fixed life without an explicit finding that the offense was so egregious that it warranted fixed life or that he "utterly lack[ed] rehabilitative potential."

The *Helms* case states a framework utilized by the Idaho appellate courts in reviewing the reasonableness of a fixed life sentence. It does not explicitly nor implicitly impose upon the trial court a requirement that the trial court make corresponding factual findings.

Even if some provision of Idaho law had required such factual findings, that would not make Nicolai's sentence "illegal," but would show only that it was imposed in an illegal manner. A motion to challenge a sentence as having been imposed in an illegal manner must be filed within 120 days of the judgment of conviction. I.C.R. 35(b). Therefore, even if Nicolai's argument on this point had any merit, his motion raising the issue was untimely.

**F.**     **Nicolai's Jurisdictional Challenge Is Meritless**

In his reply brief, and for the first time, Nicolai contends that the district court lacked subject matter jurisdiction because it imposed an illegal sentence.[3] In essence, he contends that each of the errors listed above divested the court of subject matter jurisdiction.

"Subject matter jurisdiction is the power to determine cases over a general type or class of dispute." *State v. Urrabazo*, 150 Idaho 158, 162-63, 244 P.3d 1244, 1248-49 (2010) *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011) (quoting *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007)). In a criminal case, the "information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court." *Lute*, 150 Idaho at

---

[3]     Generally, a "party may assert a lack of subject matter jurisdiction for the first time on appeal." *State v. Armstrong*, 146 Idaho 372, 374, 195 P.3d 731, 733 (Ct. App. 2008).

840, 252 P.3d at 1258 (quoting *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004)); *see also State v. Olin*, 153 Idaho 891, 893, 292 P.3d 282, 284 (Ct. App. 2012) (discussing which defects in a charging document render it insufficient to convey subject matter jurisdiction).

In this case, Nicolai does not contend that the district court never had jurisdiction. Instead, he contends that later error divested the court of subject matter jurisdiction. However, mere judicial error does not divest a court of subject matter jurisdiction. *State v. Branigh*, 155 Idaho 404, 412, 313 P.3d 732, 740 (Ct. App. 2013); *see also Knight v. Dep't of Ins.*, 124 Idaho 645, 649, 862 P.2d 337, 341 (Ct. App. 1993) ("An error is jurisdictional only if it deprives the tribunal of personal jurisdiction over the parties or of subject matter jurisdiction over the proceeding."). Nicolai confuses authority and jurisdiction. *See State v. Armstrong*, 146 Idaho 372, 375, 195 P.3d 731, 734 (Ct. App. 2008) (holding "courts and lawyers sometimes say that a court lacked jurisdiction when they really mean simply that the court committed error because the action that was taken did not comply with governing law"). Each of his assertions challenges the court's authority to impose its sentence, not the court's jurisdiction over the case. Furthermore, we have already rejected each of those claims of court error. Therefore, Nicolai has not shown that the court lacked subject matter jurisdiction to impose his sentences.

## III.

## CONCLUSION

Nicolai argues that his sentence is illegal on numerous grounds. We conclude that each of his claims is without support in the law. Therefore, the order of the district court denying Nicolai's Rule 35 motion is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

7