**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45682**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 22, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHAEL R. MURPHY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Michael R. Murphy appeals from the district court's order denying his Idaho Criminal Rule 33(c) motion to withdraw his guilty plea. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 16, 2006, a judgment of conviction and sentence was entered upon Murphy's guilty plea to trafficking in methamphetamine or amphetamine. On November 9, 2017, Murphy filed an I.C.R. 33(c) motion to withdraw his 2006 guilty plea. The district court denied Murphy's motion for lack of subject matter jurisdiction. Murphy timely appeals.

**II.**

**ANALYSIS**

On appeal, Murphy argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea. Mindful of controlling precedent regarding jurisdiction to

1

entertain a Rule 33(c) motion, Murphy argues the district court abused its discretion by denying his motion. The State argues that the trial court was correct in denying Murphy's motion because the motion was not timely filed.

Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004); *State v. Savage*, 145 Idaho 756, 758, 185 P.3d 268, 270 (Ct. App. 2008). Post-judgment motions to withdraw guilty pleas are authorized by I.C.R. 33(c). Once a judgment becomes final, however, a trial court does not have jurisdiction to amend or set aside the judgment absent a statute or a rule extending jurisdiction. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003); *State v. Armstrong*, 146 Idaho 372, 377-78, 195 P.3d 731, 736-37 (Ct. App. 2008). A judgment becomes final at the expiration of time for appeal or affirmance of the judgment on appeal, and a motion to withdraw a guilty plea may not be granted thereafter. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714; *Armstrong*, 146 Idaho at 377-78, 195 P.3d at 736-37.

The district court correctly held that it lacked subject matter jurisdiction to entertain Murphy's motion to withdraw his guilty plea because Murphy's motion was untimely. The judgment of conviction was entered on October 16, 2006. The judgment became final forty-two days therefrom, when Murphy failed to appeal the original judgment. *See* Idaho Appellate Rule 14(a). Contrary to Murphy's assertion, manifest injustice, the only ground for granting a motion to withdraw a guilty plea post-sentencing under I.C.R. 33(c), does not create an exception to the trial court's loss of subject matter jurisdiction upon a judgment becoming final. Murphy does not argue, nor can he show, that there is a statute or rule that extends the jurisdiction of the district court.

### III.

### CONCLUSION

Murphy's motion to withdraw his guilty plea was untimely and the district court lacked jurisdiction to consider the motion. The order denying Murphy's motion to withdraw his guilty plea is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.