**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49879**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 20, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAMIAN A. AYARZAGOITIA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Appeal from order denying motion to withdraw guilty pleas, <u>dismissed</u>.

Damian A. Ayarzagoitia, Eloy, Arizona, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Damian A. Ayarzagoitia appeals from the order of the district court denying his motion to withdraw his guilty pleas. We dismiss.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2018, this Court issued a remittitur following an unpublished opinion in consolidated appeals affirming Ayarzagoitia judgments of conviction for burglary, I.C. § 18-1401; aggravated battery, I.C. § 18-907(1)(a); and a deadly weapon enhancement, I.C. § 19-2520. More than two years later, Ayarzagoitia sent a letter to the county clerk's office to dispute whether interest should accrue on the restitution he was ordered to pay--despite the entry of an order of restitution in 2018 expressly stating that it would. Ayarzagoitia ostensibly asserted that interest was not to accrue on his restitution obligation because the findings of fact and conclusions of law supporting the restitution award, which the district court detailed in a separate written document

1

entered after the restitution order, was silent on the issue of interest. The district court responded by entering an order "to clarify the record" that corrected the separate findings of fact and conclusions supporting the restitution order entered to indicate that interest would accrue on Ayarzagoitia's restitution obligation. Ayarzagoitia did not seek relief from that order.

In April 2022, Ayarzagoitia filed a motion to withdraw his guilty pleas, asserting he was not informed that interest could be applied to his restitution obligation. Ayarzagoitia's motion also argued that the subsequent correction of the findings of fact and conclusions of law violated due process by increasing his restitution obligation without prior notice. The district court denied the motion, concluding Ayarzagoitia's guilty pleas were knowing, voluntary, and intelligent and that the order correcting the findings of fact and conclusions of law did not increase his restitution obligation. Ayarzagoitia appeals.

## II.

## ANALYSIS

Ayarzagoitia asserts that the district court erred in denying his motion to withdraw his guilty pleas, arguing that the prosecutor breached the plea agreement because interest was ordered to accrue on his restitution obligation. Ayarzagoitia further argues the district court erred by ordering restitution under I.C. § 19-5304 in the first instance and by ordering interest to accrue on his outstanding restitution obligation. The State responds, and we agree, that the district court lacked jurisdiction to consider Ayarzagoitia's motion to withdraw his guilty pleas and that this Court lacks appellate jurisdiction to consider his other arguments.

Although the district court did not address whether it had subject matter jurisdiction to consider Ayarzagoitia's motion to withdraw his guilty pleas, we may address the issue for the first time on appeal. *See State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004) (explaining that subject matter jurisdiction may be raised at any time, including for the first time on appeal). Whether a court has subject matter jurisdiction is a question of law over which the appellate court exercises free review. *State v. Gorringe*, 168 Idaho 175, 178, 481 P.3d 723, 726 (2021).

Motions to withdraw guilty pleas are authorized by I.C.R. 33(c). Once a judgment becomes final, however, a trial court lacks jurisdiction to amend or set aside the judgment absent a statute or a rule extending jurisdiction. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132; *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003); *State v. Armstrong*, 146 Idaho 372, 377-78, 195 P.3d

2

731, 736-37 (Ct. App. 2008). A judgment becomes final at the expiration of time for appeal or affirmance of the judgment on appeal, and a motion to withdraw a guilty plea may not be granted thereafter. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714; *Armstrong*, 146 Idaho at 377-78, 195 P.3d at 736-37.

The district court lacked subject matter jurisdiction to consider Ayarzagoitia's motion to withdraw his guilty pleas because his judgments of conviction became final upon this Court's issuance of a remittitur in November 2018. Ayarzagoitia did not seek withdrawal of his guilty pleas until April 2022, which was well beyond the date his judgments became final. Thus, the district court lacked jurisdiction to consider his motion to withdraw his guilty pleas.

Similarly, this Court lacks appellate jurisdiction to consider Ayarzagoitia's other arguments that the district court erred by ordering restitution in the first instance and that interest would accrue on his outstanding restitution obligation. A challenge to an order awarding restitution may be raised as part of a criminal appeal or, alternatively, in a separate appeal under the Idaho Rules of Civil Procedure. *State v. Mosqueda*, 150 Idaho 830, 834 n.3, 252 P.3d 563, 567 n.3 (Ct. App. 2010). However, such appellate challenges must be asserted within forty-two days of entry of the order of restitution. *See* I.C. § 19-5304(10) (authorizing defendants against whom a restitution order has been entered to seek relief "in accordance with the Idaho rules of civil procedure relating to relief from final orders" within forty-two days of entry of the order of restitution); I.A.R. 14 (requiring a notice of appeal to be filed within forty-two days of the appealable judgment or order). Absent a timely appeal either directly from the order of restitution or another order resolving a timely request for relief, this Court lacks appellate jurisdiction to review issues related to Ayarzagoitia's restitution obligation. *See State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015) (observing that an appellate court must have jurisdiction over a claim to address the merits of the claim). Ayarzagoitia did not seek relief within forty-two days of the entry of the order of restitution entered in 2018, nor did he challenge that order in his prior appeal from his judgments of conviction. Consequently, this Court lacks jurisdiction to consider Ayarzagoitia's arguments challenging the district court's order of restitution.

## III.
## CONCLUSION

3

The district court lacked jurisdiction to consider Ayarzagoitia's motion to withdraw his guilty pleas. Similarly, this Court lacks jurisdiction to consider Ayarzagoitia's arguments challenging the district court's order of restitution. Accordingly, this appeal from the district court's order denying Ayarzagoitia's motion to withdraw his guilty pleas is dismissed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.