# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50912

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 1, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MAHDI ABDULRIDHA M. LAMI, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Appeal from district court's order denying motion to withdraw guilty pleas, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Mahdi Abdulridha M. Lami appeals from the district court's order denying his motion to withdraw his guilty pleas. For the reasons stated below, we dismiss the appeal for lack of appellate jurisdiction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Lami with domestic violence or battery in the presence of a child, possession of a controlled substance (fentanyl) with the intent to deliver, possession of a controlled substance (methamphetamine), domestic assault, malicious injury to property, and two counts of violation of a no-contact order. In June 2022, Lami plead guilty to possession of a controlled substance (fentanyl) with the intent to deliver (Idaho Code § 37-2732(a)) and misdemeanor domestic battery (I.C. §§ 18-918, 903(a)). In exchange for his guilty pleas, the State dismissed the

1

remaining charges. On August 18, 2022, the district court sentenced Lami to a unified term of ten years, with a minimum period of confinement of four years, for possession of a controlled substance and credit for time served for misdemeanor domestic battery. The district court also retained jurisdiction. Lami did not file a notice of appeal from the judgment of conviction.

In April 2023, approximately eight months after the district court entered judgment, Lami filed a motion to set aside his judgment of conviction and withdraw his pleas. After a hearing, the district court denied the motion. After the period of retained jurisdiction, the district court suspended Lami's sentence and placed him on probation for a period of ten years. Lami appeals.

## II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law that may be raised at any time, *Pizzuto v. State*, 127 Idaho 469, 471 903 P.2d 58, 60 (1995), and over which appellate courts exercise free review. *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998).

## III.

## ANALYSIS

Mindful that the district court lacked jurisdiction to consider Lami's motion to withdraw his guilty pleas after sentencing, Lami argues that the district court abused its discretion by finding that he failed to show manifest injustice entitling him to withdraw his guilty pleas after sentencing. Lami contends that he satisfied the manifest injustice standard by demonstrating that his pleas were unconstitutional because he was not informed of the mandatory immigration consequences he was facing when accepting the pleas, as required in *Padilla v. Kentucky*, 559 U.S. 356, 359 (2010).

Although the district court did not address whether it had subject matter jurisdiction to consider Lami's motion to withdraw his guilty pleas, we may address the issue for the first time on appeal. *See State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004). Whether a court has subject matter jurisdiction is a question of law over which the appellate court exercises free review. *State v. Gorringe*, 168 Idaho 175, 178, 481 P.3d 723, 726 (2021).

Once a judgment becomes final, a trial court lacks jurisdiction to amend or set aside the judgment absent a statute or a rule extending jurisdiction. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132; *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003); *State v. Armstrong*, 146 Idaho 372, 377-78, 195 P.3d 731, 736-37 (Ct. App. 2008). A judgment becomes final at the expiration

2

of time for appeal or affirmance of the judgment on appeal, and a motion to withdraw a guilty plea may not be heard or granted thereafter. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714; *Armstrong*, 146 Idaho at 377-78, 195 P.3d at 736-37.

Lami's judgment became final on September 29, 2022--forty-two days after it was entered. Since the district court's hearing and decision on Lami's motion occurred after his judgment of conviction became final, the district court lacked jurisdiction to consider Lami's motion to withdraw his guilty pleas.

The district court's decision to retain jurisdiction under I.C. § 19-2601(4) did not extend its jurisdiction to rule on the motion to withdraw Lami's guilty pleas. The statute allows a court to retain jurisdiction over the prisoner for a period of up to the first 365 days and, in that timeframe, to decide whether to place the defendant on probation or allow the defendant to remain committed to the board of correction. The statute does not grant jurisdiction to consider a motion to withdraw a guilty plea, vacate the final judgment, and set the matter for trial. Because the district court lacked jurisdiction to consider Lami's motion to withdraw his guilty pleas, his appeal from the district court's order denying his motion to withdraw his guilty pleas is dismissed.

**IV.**

**CONCLUSION**

The district court lacked jurisdiction to consider Lami's motion to withdraw his guilty pleas post-sentencing because the hearing on the motion occurred after Lami's judgment of conviction became final. Accordingly, this appeal from the district court's order denying Lami's motion to withdraw his guilty pleas is dismissed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.