# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51208

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

RODNEY ARAIZA,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 13, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Appeal from order denying I.C.R. 16 motion for discovery, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Rodney Araiza appeals from an order denying his I.C.R. 16 motion for discovery. We dismiss.

In September 1988, Araiza killed a fellow inmate during a prison riot. Following a jury trial, Araiza was found guilty of first degree murder and rioting. Araiza appealed, and the Idaho Supreme Court affirmed his judgment of conviction and sentences on appeal. *State v. Araiza*, 124 Idaho 82, 85-95, 856 P.2d 872, 875-85 (1992).

Prior to November 2016, Araiza requested a copy of his discovery and file from the Ada County Public Defender's office. The public defender's office filed a motion with the district court seeking guidance regarding Araiza's request. The public defender's office indicated that the file consisted of seven banker's boxes containing photos, audio cassettes, attorney/investigator

1

notes, transcripts, original discovery, and information regarding the jury and the jury selection process. The public defender's office contended that the information in the file was unredacted and contained personal identifying information relating to prison staff and inmates involved in the riot including information regarding family contacts, dates of birth, and social security numbers. The public defender's office argued that the disclosure of such information could lead to embarrassment, retaliation, harassment, safety and security risks, and identity theft. The public defender's office requested guidance from the district court about what information to release to Araiza, what redactions would be required, who would be responsible for redactions, and who would bear the costs of redaction. The public defender's office asserted it was the State's responsibility pursuant to the I.C.R. 16 discovery rules.

The State responded to the motion and argued that there were no proceedings pending and that it had complied with its discovery obligations after the charges were filed in 1988. The State further argued that the district court had no jurisdiction relative to an I.C.R. 16 motion. The district court held a hearing on the motion and concluded that Araiza was not entitled to discovery. In 2017, Araiza filed another motion for discovery and renewed this motion again in 2019. The district court again denied Araiza's request.

In 2023, Araiza filed another motion for a copy of the redacted discovery, acknowledging his prior requests and stating that the district court had not entered any written orders. Araiza asserted that he could not obtain the requested discovery without a court order, that the public defender's office did not have the authority to redact the discovery, and that the State should be required to provide the redacted discovery. Araiza also requested entry of a written order so that he could pursue appellate remedies. The district court entered an order denying the motion for discovery, concluding that it lacked jurisdiction pursuant to "any rule of law or other authority, and no other proceeding has been brought to the Court's attention in which the discovery sought is or may be authorized by law."

"Mindful" that the district court lacked jurisdiction over his motions when his judgment of conviction became final in 1993, Araiza argues the district court abused its discretion in denying his motions. The State responds that the district court's order is not appealable and, even so, the district court lacked jurisdiction to entertain Araiza's request in the first instance. We hold that the district court lacked jurisdiction and, as a result, Araiza's appeal must be dismissed.

Once a judgment becomes final a trial court lacks jurisdiction to amend or set aside the judgment absent a statute or a rule extending jurisdiction. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004); *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003); *State v. Armstrong*, 146 Idaho 372, 377-78, 195 P.3d 731, 736-37 (Ct. App. 2008). A judgment becomes final at the expiration of time for appeal or affirmance of the judgment on appeal. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714; *Armstrong*, 146 Idaho at 377-78, 195 P.3d at 736-37. Whether a court has subject matter jurisdiction is a question of law over which the appellate court exercises free review. *State v. Gorringe*, 168 Idaho 175, 178, 481 P.3d 723, 726 (2021).

Araiza did not begin seeking the additional discovery until 2016 and he filed the instant motion in 2023. The district court denied Araiza's motion, finding it lacked subject matter jurisdiction to consider his motion because his judgment of conviction became final upon the Supreme Court's issuance of a remittitur in 1993. The district court's jurisdictional conclusion was correct. It is not the district court's role to mediate discovery or facilitate disclosure of documents absent a pending case to which the rules governing discovery would apply. Consequently, this Court also lacks appellate jurisdiction to consider Araiza's arguments that the district court erred by denying his motion.

Therefore, this appeal from the district court's order denying Araiza's I.C.R. 16 motion for discovery is dismissed.

Chief Judge TRIBE and Judge GRATTON, **CONCUR**.